IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

NO. 24-10633

---

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

JAMAION WILSON,
Defendant-Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**UNOPPOSED MOTION TO EXTEND TIME
TO FILE INITIAL BRIEF**

Appellant Jamaion Wilson, received a sentence of 120-months imprisonment and three-years supervision for possessing a machinegun. By and through the undersigned counsel, he respectfully moves for an unopposed extension of 30 days to file the Initial Brief, which would otherwise be due October 21, 2024. The new requested due date is thus Wednesday, November 20, 2024.

The case contains two fully preserved issues of some complexity, both of which require additional research: whether the Second Amendment permits

Congress to ban the possession of machineguns, and whether the government adequately rebutted Appellant's claim of self-defense against a Guideline enhancement for shooting someone with the firearm. The first claim arises in a rapidly evolving area of law and implicates multiple new and momentous precedents including *United States v. Rahimi*, 144 S. Ct. 1889 (2024), and *United States v. Diaz*, 116 F.4th 458 (5th Cir. 2024). The second requires careful review of the documentary evidence and application of another relatively novel precedent, *United States v. Santiago*, 116 F.4th 458 (5th Cir. 2024).

Further, the deadline falls among four in two business days, and three on the same day, including:

- *Damm v. United States*, Fifth Circuit Number No. 23-10944, Petition for Certiorari due October 21, 2024, but discontinued October 16, 2024 at client's direction during editing phase, Motion to Withdraw pending,

- *United States v. Rivera-Lopez*, 23-11278, Response to Motion to Dismiss due October 21, 2024, and

- *United States v. Ortiz*, 3:22-CR-378, Brief on Court-Identified Sentencing Issue due October 18, 2024 (joint responsibility).

Mr. Wilson's 120-month term of imprisonment eliminates the urgency of an impending release date. It also creates very substantial stakes in the outcome of the case for Mr. Wilson, requiring careful review of the record and governing law.

Counsel for the government, AUSA Brian Stephen Gilstrap, indicated by email October 17, 2024, that the government did not oppose the requested extension.

Respectfully submitted October 17, 2024,

/s/ Kevin Joel Page
Kevin Joel Page
Attorney for Defendant/Appellant
Assistant Federal Public Defender
Northern District of Texas
Texas State Bar No. 24042691
525 Griffin St., Suite 629
Dallas, Texas 75202
(214) 767-2746 (Telephone)
(214) 767-2886 (Fax)
Joel_page@fd.org

## Certificate of Service

I, Kevin Joel Page, hereby certify that on this the 17th day of October, 2024, this Motion was served via ECF email to counsel for the Plaintiff-Appellee, Assistant U.S. Attorney Stephen Gilstrap at Stephen.gilstrap@usdoj.gov. I further certify that: 1) all privacy redactions have been made pursuant to 5th Cir. Rule 25.2.13; 2) the electronic submission is an exact copy of the paper documents pursuant to 5th Cir. Rule 25.2.1; and 3) the document has been scanned for viruses with the most recent version of Norton Anti-virus and is free of viruses.

Finally, a copy was sent to Mr. Wilson.

/s/ Kevin Joel Page
Kevin Joel Page

## Certificate of Compliance

Pursuant to Rule 32(a)(7) of the Federal Rules of Appellate Procedure, the undersigned certifies this motion complies with the type-volume limitations announced in Rule 32(a)(7)(B)(i) of the Federal Rules of Appellate Procedure.

1.　Exclusive of the exempted portions announced in Rule 32(a)(7)(B)(ii) of the Federal Rules of Appellate Procedure and 5th Circuit Rule 32.2, the undersigned certifies that the Motion contains 320 words in proportionately spaced typeface.

2.　The motion has been prepared in proportionately spaced typeface using WordPerfect X5, Times New Roman 14 pt. Footnotes are in Times New Roman 12 pt.

3.　The undersigned understand a material misrepresentation in completing the certificate, or circumvention of the type-volume limits states in Rule 32(a)(7) of the Federal Rules of Appellate Procedure, may result in the Court striking the motion and imposing sanctions against the person signing the motion.

/s/ Kevin Joel Page  
Kevin Joel Page