

**U.S. Department of Justice**
United States Attorney
Northern District of Texas

1100 Commerce St. 3rd Floor  Telephone (214) 659-8600
Dallas, Texas 75242  Fax (214) 659-8602

July 15, 2025

Lyle W. Cayce, Clerk
United States Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130-3408

Re:  *United States v. Wilson*, No. 24-10633
     Letter pursuant to Fed. R. App. P. 28(j)

Mr. Cayce:

The government respectfully directs the Court to two recent decisions rejecting facial Second Amendment challenges to 18 U.S.C. § 922(o). *See United States v. Greely*, No. 23-1978, 2025 WL 1797223 (6th Cir. June 30, 2025) (unpublished); *DeWilde v. Attorney General*, No. 24-8071, 2025 WL 1637695 (10th Cir. June 10, 2025) (unpublished).

In *Greely*, the Sixth Circuit relied on its precedent holding that Section 922(o) is constitutional because, as the Supreme Court held in *Heller*, the Second Amendment "does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes." 2025 WL 1797223, at *4 (citing *Hamblen v. United States*, 591 F.3d 471 (6th Cir. 2009)). The panel explained that "nothing in the Supreme Court's *Bruen* progeny . . . [required] depart[ing] from *Hamblen* for purposes of disposing of Greely's facial challenge." *Id.*

Using different reasoning, the Tenth Circuit rejected a facial challenge because the appellant could not show that "*no set of circumstances* exists under which" Section 922(o) would be valid. *DeWilde*, 2025 WL 1637695, at *2. The court reasoned that, because machine gun is defined as "any weapon which shoots, is designed to shoot, or can be readily restored to shoot automatically more than one shot, without manual reloading, by a single function of the trigger"—it restricts both bearable *and* non-bearable weapons— like airplane-mounted automatic cannons. *Id.* (citing 26 U.S.C. § 5845(b)).

Because those weapons are not protected by the Second Amendment, Section 922(o) is not facially unconstitutional. *Id.*

This Court can likewise reject Wilson's facial challenge to Section 922(o).[1] This Court's precedent holding that machineguns are not the types of weapons typically possessed by law-abiding citizens for lawful purposes remains binding. *See Hollis v. Lynch*, 827 F.3d 436 (5th Cir. 2016).

Respectfully submitted,

Nancy E. Larson
Acting United States Attorney

*/s/ Lindsey D. Pryor*
Lindsey D. Pryor
Assistant United States Attorney

cc:  Loui Itoh
     (*via* ECF filing)

---

[1] Wilson says the statute "violates the Second Amendment as applied to the possession of machineguns," (Reply at 9), meaning he is arguing that Section 922(o) is unconstitutional in all applications. Again, he unsurprisingly makes no effort to argue that *his* possession of a machinegun was protected, because he did not possess it for a lawful purpose and instead used it to murder someone.

# **CERTIFICATE OF COMPLIANCE**

      1.     This document complies with the type-volume limit of Fed. R. App. P. 28(j) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 349 words.

      2.     This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Calisto MT font.

                                          */s/ Lindsey D. Pryor*
                                          Lindsey D. Pryor
                                          Assistant United States Attorney
                                          Date: July 15, 2025