# FEDERAL PUBLIC DEFENDER
## FOR THE NORTHERN DISTRICT OF TEXAS

JASON D. HAWKINS
FEDERAL PUBLIC DEFENDER

819 TAYLOR STREET
ROOM 9A10
FORT WORTH, TEXAS 76102
P: 817.978.2753

LOUI ITOH
ASSISTANT FEDERAL
PUBLIC DEFENDER
Loui_Itoh@fd.org

**Via ECF**

July 25, 2025

Lyle W. Cayce
Clerk of the Court
U.S. Court of Appeals for the Fifth Circuit
600 South Maestri Place
New Orleans, Louisiana 70130

    Re:  *United States v. Wilson*, Case No. 24-10633
          Response to Government's July 15, 2025 Letter

Dear Mr. Cayce:

The nonbinding decisions *Greely* and *DeWilde* shed no useful light.

In *Greely*, the Sixth Circuit relied on pre-*Bruen* authority rejecting a facial challenge to § 922(o). 2025 WL 1797223 at *3. In this Circuit, *Bruen* established a "new historical paradigm" and constitutes an "intervening change in the law" that "render[s]" "prior precedent obsolete." *United States v. Diaz*, 116 F. 4th 458, 465–66 (5th Cir. 2024).

*Greely* also relied on *Heller's* language that it would be "startling" to hold that machinegun laws "might be unconstitutional." *Greely*, 2025 WL 1797223, at *3 (quoting *District of Columbia v. Heller*, 554 U.S. 570, 624 (2008)). But *Diaz* rejected reliance on analogous dicta in *Heller*, *Bruen*, and *Rahimi* that laws disarming "felons and the mentally ill" are "presumptively lawful," because none of those cases "concerned

§922(g)(1)," and "the Court did not complete any historical analysis of laws forbidding felons from possessing firearms, as required by *Bruen*." *Diaz*, 116 F.4th at 465–66. Likewise, *Heller* did not conduct a historical analysis to assess the constitutionality of § 922(o). *See Heller*, 554 U.S. at 624–25. As in *Diaz*, the Court should perform the historical analysis anew.

In *DeWilde*, the *pro se* plaintiff "expressly disclaim[ed]" any as-applied challenge, arguing that § 922(o) could never be constitutionally applied. 2025 WL 1637695, at *1. The Tenth Circuit rejected the facial challenge because § 922(o) covers some non-bearable weapons like "airplane-mounted automatic cannons." 2025 WL 1637695, at *2. Again, that is not the way things are handled in this Circuit. *Reese v. ATF*, 127 F.4th 583, 600 (5th Cir. 2025), sustained a facial challenge to § 922(b)(1), despite an even broader definition of "firearm," § 922(a)(3), that reaches missiles, rockets, and bombs. Under *Reese*, a statute can be facially unconstitutional even if it applies to non-bearable weapons.

Respectfully submitted,

/s/ Loui Itoh
Loui Itoh

**Certificate of Service**

On July 25, 2025, I filed this response through the Court's ECF system. Opposing Counsel has therefore been served.

/s/ Loui Itoh
Loui Itoh

**Certificate of Compliance**

This document complies with the type-volume limit of FED. R. APP. P. 28(j) because the body of the letter contains 298 words.

This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type-style requirements of FED. R. APP. P. 32(a)(6) because it has been prepared in proportionally spaced typeface in 14-point Century Schoolbook font.

s/ Loui Itoh
Loui Itoh