# FEDERAL PUBLIC DEFENDER
## FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| JASON D. HAWKINS<br>FEDERAL PUBLIC DEFENDER | 819 TAYLOR STREET<br>ROOM 9A10<br>FORT WORTH, TEXAS 76102<br>P: 817.978.2753 | LOUI ITOH<br>ASSISTANT FEDERAL<br>PUBLIC DEFENDER<br>Loui_Itoh@fd.org |

**Via ECF**

September 5, 2025

Lyle W. Cayce
Clerk of the Court
U.S. Court of Appeals for the Fifth Circuit
600 South Maestri Place
New Orleans, Louisiana 70130

    **Re:** *United States v. Wilson*, Case No. 24-10633
          Response to Government's September 4, 2025 Letter

Dear Mr. Cayce:

*Morgan* should not impact this Court's analysis for three reasons.

    First, this Court is bound by *United States v. Diaz*, which analyzes inquiries concerning "history and tradition"—such as "common use"—under *Bruen* Step 2. 116 F. 4th 458, 466 (5th Cir. 2024). *Morgan* incorrectly required the defendant to prove "common use" under Step 1. –F.4th–, 2025 WL 2502968 at *9.

    Second, *Morgan* misconstrued the "common use" inquiry. *Heller* said the Second Amendment protects weapons "'in common use at the time' for lawful purposes like self-defense." 554 U.S. 570, 624 (2008). The question then is whether the weapon is in "common use," including among criminals, such that a law-abiding person feels the need to possess it for self-defense. See *NYSRPA v. Bruen,* 597 U.S. 1, 73–74 (2022) (Alito,

J. concurring) ("[T]he ubiquity of guns" is one of the "facts that cause law-abiding citizens to feel the need to carry a gun for self-defense" to the point that a "law-abiding person was driven to violate" NY's handgun ban). *Morgan* erred by requiring the defendant to show that "law-abiding citizens commonly use" machineguns for self-defense. *Morgan*, at \*4. This error impacted the court's analysis by imposing an impossible burden on the defendant—such statistics likely do not exist—and as shown below, failing to consider the *actual* number of machineguns in "common use."

Third, *Morgan* relied on the wrong numbers, misapplied common sense, and credited policy choices. It failed to consider ATF's estimate of 740,000 machineguns plus the number of glock switches—which, as Appellant explained at oral argument, approximates 1 million. *Id.* at \*\*5–6. It concluded that using a machinegun for self-defense does not "make sense" *id.* at \*6, without considering that showing attackers that one is armed with an equivalent weapon can prevent an assault. *See Bruen*, 597 U.S. at 75 (Alito J., concurring) (citing two examples where assaults were stopped by brandishing guns at assailants). And, it considered the number of laws showing "machinegun regulation at the state [and] federal levels," *id.* at \*7, but *Bruen* disclaims reliance on policy judgments. 597 U.S. at 23.

Respectfully submitted,

/s/ Loui Itoh
Loui Itoh

## Certificate of Service

On September 5, 2025, I filed this response through the Court's ECF system. Opposing Counsel has therefore been served.

/s/ Loui Itoh
Loui Itoh

## Certificate of Compliance

This document complies with the type-volume limit of FED. R. APP. P. 28(j) because the body of the letter contains 349 words.

This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type-style requirements of FED. R. APP. P. 32(a)(6) because it has been prepared in proportionally spaced typeface in 14-point Century Schoolbook font.

s/ Loui Itoh
Loui Itoh