No. 24-10633

**In the United States Court of Appeals for the Fifth Circuit**

**United States of America**,
*Plaintiff-Appellee,*

v.

**Jamaion Wilson**
*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Texas
Fort Worth Division
4:24-cr-00027-P-1

**Appellant's Unopposed Motion for
Extension of Time to File Petition for Rehearing En Banc**

Appellant Jamaion Wilson requests a 14-day extension of time, up to and including February 9, 2026, to file a petition for rehearing en banc.

A panel of this Court issued a published opinion disposing of Mr. Wilson's appeal on January 12, 2026. The current deadline to file a petition for rehearing en banc is January 26, 2026. The requested extension is warranted for two reasons.

First, the panel's opinion warrants en banc review because it relies heavily on this Court's pre-*Bruen* decision *Hollis v. Lynch*, 827 F.3d 436 (5th Cir. 2016). *See United States v. Wilson*, No. 24-10633, — F.4th —, slip op. at 5 (5th Cir. Jan. 12, 2026). The panel determined that *Hollis* was binding and stated that if Appellant disagreed with that case, "his recourse is to seek en banc review." *Id.* at 8; *see also id.* at 25 (Ho, J. dubitante) ("To avoid further delay, I am content to simply await a petition for rehearing en banc."). And at least one member of the Court believes "there's good reason for concern that our precedent misapplies the 'dangerous and unusual' test." *Id.* (citing *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 47 (2022) (noting that weapons which were once "dangerous and unusual" can cease to be so)). In sum, there are valid reasons for Appellant to seek rehearing en banc asking the Court to overrule its prior decision in *Hollis*.

In addition, Appellant's counsel needs additional time to research and develop these arguments, especially in light of competing obligations and deadlines. Specifically, counsel has two brief deadlines in the 2-week time period between the opinion's issuance and the petition for rehearing

2

deadline.[1] In addition, counsel has two other initial brief deadlines on February 9, 2026.[2]

Counsel for Appellant has conferred with Counsel for the government, AUSA Lindsey Pryor, by email. The government is not opposed to this extension request.

Respectfully submitted,

Jason D. Hawkins
Federal Public Defender for the
Northern District of Texas

*/s/ Loui Itoh*
LOUI ITOH
Assistant Federal Public Defender
P.O. Box 17743
D.C. Bar No. 1018988
819 Taylor Street, Room 9A10
Fort Worth, Texas 76102
(817) 978-2753
Loui_Itoh@fd.org
*Counsel for Mr. Wilson*

---

[1] Those cases are: *United States v. Coleman*, No. 25-11068 (initial brief due on January 20, 2026); and *United States v. Daily*, No. 25-10974 (initial brief due on January 23, 2026 after two extensions).

[2] Those cases are: *United States v. Crawford*, No. 25-11028 (initial brief due on February 9, 2026 after two extensions) and *United States v. Thomas*, No. 25-11162 (initial brief due on February 9, 2026). Counsel may seek to extend one or more of these deadlines.

3

**Certificate of Conference and Service**

I certify that on January 15, 2026, I conferred via email with AUSA Lindsey Pryor and confirmed that the government does not oppose this motion.

I also certify that on January 16, 2026, I filed this motion electronically using the Court's ECF system. Opposing counsel has therefore been served pursuant to Fifth Circuit Rule 25.2.5. I further certify that: 1) any required privacy redactions have been made; 2) the electronic submission is an exact copy of the paper document; and 3) this document has been scanned for viruses and it is free of viruses.

/s/ Loui Itoh

## Certificate of Compliance

I certify that this motion complies with the length limitation announced in Rule 27(d)(2) because it contains 405 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

I understand that a material misrepresentation in this certificate may result in the Court striking the motion and imposing sanctions.

*/s/* Loui Itoh